UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stevie Aiken, | ) C/A No. 8:12-205-JFA-JDA |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) FOR PARTIAL DISMISSAL |
| Colleton County Detention Center; Cpl. Grant; Ofc. | ) |
| Cook; Ofc. Roberts; Deputy Lance; and Capt. Feaser, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Stevie Aiken ("Plaintiff"), a self represented state prisoner proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The Complaint is brought against the Colleton County Detention Center, as well as individual employees, concerning an injury Plaintiff sustained while a pretrial detainee at the detention center. The Complaint seeks monetary damages from the Defendants for alleged violations of Plaintiff's constitutional rights based on conditions of confinement at the detention center, which resulted in physical injury. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that all of the Defendants, except Defendant Feaser[*], be dismissed as parties to this action. The Complaint fails to

_____

[*] Plaintiff identified "Capt. Frasier" as a defendant in his Complaint; however, in response to an Order directing him to provide service documents for Capt. Fraiser, Plaintiff submitted service documents completed with the name "Charles Feaser." These service documents are construed as providing the correct full name of this Defendant, Charles Feaser, formerly incorrectly identified as Capt. Frasier, and correction of the docket has been directed. References in this document will refer to Defendant Feaser where the Complaint refers to Capt. Frasier.

state a claim on which relief may be  granted as to Defendants Colleton County Detention Center, Cpl. Grant, Ofc. Cook, Ofc. Roberts, and Deputy Lance.  The Complaint sufficiently states a claim, which requires service of process on the remaining Defendant, Capt. Feaser.

<u>Pro Se and In Forma Pauperis Review</u>

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  The same standard is applied in screening pleadings filed by prisoners pursuant to 28 U.S.C. § 1915A, which requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam).*  A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Cruz v. Beto*, 405 U.S. 319 (1972).  The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

## Background

Plaintiff, currently a South Carolina Department of Corrections inmate, files a § 1983 action concerning conditions at the Colleton County Detention Center, where he was confined at the time of the alleged deprivation of his constitutional rights. ECF No. 1. Plaintiff states that he "made request after request to Capt. [Charles Feaser] at the Colleton County Detention Center about the shower leaking out of the stall onto the block." *Id.* at 3. Plaintiff then alleges that on February 20, 2010, when stepping out of the shower at the detention center, his left leg slipped out from under him in a puddle of water and he landed on his left hand, hit the left side of his head, and "messed up" his right toe. *Id.* Plaintiff alleges he returned to his room where his hand began to hurt "more and more," so he left his room to walk around. *Id.* Plaintiff further alleges that he "let the officer [k]no[w] that I was hurt" and "a incident report was done." *Id.* at 2. Plaintiff alleges that he "can no longer grab and hold anything" with his left hand "without dropping it," and some days his "fingers will not work." *Id.* at 4. The Complaint does not allege that medical care was sought or received, but Plaintiff requests "all medical bills, medical care, and the surgical repair of my left hand to be taken care of by the County." *Id.* He also seeks monetary compensation for future medical treatment, for his pain and suffering, and possibly for the loss of future employment because he "cannot work with [his] hand the way it is now." *Id.*

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of

3

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint names the Colleton County Detention Center as a party defendant. A defendant in a § 1983 action must qualify as a "person."  The Colleton County Detention Center is a building or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  Therefore, the  Colleton County Detention Center is not a "person" acting under color of state law that is subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The Defendant Colleton County Detention Center should be dismissed as a defendant in this § 1983 action.

The Complaint lists Cpl. Grant, Ofc. Roberts, Deputy Lance and Ofc. Cook as Defendants, but the Complaint contains no factual allegations identifying the particular conduct of these Defendants that is alleged to have harmed Plaintiff.  While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the

Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The Supreme Court explains further that:

> Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). It is well-settled that in order for an individual to be liable under § 1983, it must be affirmatively shown that the individual acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). Additionally, to state a § 1983 claim, Plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). The Complaint contains no factual allegations against Defendants Grant, Roberts, or Lance, and the factual allegations against Defendant Cook simply state that he caused doors to open allowing Plaintiff to move out of his room. ECF No. 1 at 3. Plaintiff fails to allege facts to show how these Defendants personally acted to deprive Plaintiff of his constitutional rights. The Complaint fails to state a claim under § 1983 against Defendants Grant, Roberts, Lance and Cook, so they should be dismissed as defendants in this § 1983 action.

Recommendation

Accordingly, it is recommended that Defendants Colleton County Detention Center, Cpl. Grant, Ofc. Cook, Ofc. Roberts, and Deputy Lance be dismissed *without prejudice* as parties to this action. The recommended dismissal of these Defendants does not affect the service of the Complaint on the remaining Defendant, identified as Charles Feaser, rather

than Capt. Frasier.  **Plaintiff's attention is directed to the notice on the following page.**

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

March 26, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).