IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stevie Aiken, | ) | C/A:  8:12-205-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Colleton County Detention Center; | ) | |
| Cpl. Grant; Ofc. Cook; Ofc. Roberts; | ) | |
| Deputy Lance; and Capt. Feaser, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the court upon the Report and Recommendation of the Magistrate Judge assigned to this action[1] that certain defendants be dismissed from this action.

Plaintiff contends that while incarcerated at the Colleton County Detention Center as a pretrial detainee, he slipped and fell in a puddle of water outside of his shower, sustaining injuries. In her preliminary review of the case, the Magistrate Judge has recommended to this court that the claim against the Colleton County Detention Center be dismissed, because that entity is a group of buildings and is not a person for purposes of 42 U.S.C. § 1983

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

liability. As to all of the named defendants except defendant Feaser, the Magistrate Judge recommends that the action be dismissed as to them as well, because the complaint did not allege any personal involvement by those defendants in the complaint.

Within the time prescribed by the local rules, the plaintiff and the defendant both filed responses to the Report and Recommendation. The plaintiff's objection memorandum purports to give details regarding the involvement of the other named defendants and thus could be construed as a motion to amend his complaint. Meanwhile, the defendants have all filed a motion to dismiss, suggesting that, at best, what is alleged in this action is a mere negligence claim and a negligence claim is not actionable under § 1983.

Before delving into the question of whether the Report and Recommendation should be adopted or if the complaint should be amended so as to allow new allegations against the individual defendants, it appears to this court that the proper course of action is to remand the action to the Magistrate Judge for a review of the defendants' motion to dismiss and to allow the plaintiff to respond to the motion to dismiss under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). If the defendants are correct that this is a case alleging mere negligence, which is not actionable under § 1983, it would serve no good purpose to engage in procedural fencing as to whether the complaint should be amended to put forth additional allegations against various employees of the detention center.

For this reason, the court declines to adopt the Report and returns this action to the Magistrate Judge for consideration of the defendant's motion to dismiss and plaintiff's

response to the motion, if any. The Magistrate Judge may then file a new Report and Recommendation addressing the substantive issue of whether the cause of action stated, which could potentially moot the need for this court to review the initial Report and Recommendation dealing with the identity of the proper parties to this action.

    IT IS SO ORDERED.

May 30, 2012                                        Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge