IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Stevie Aiken, | ) | Case No. 8:12-cv-00205-JFA-JDA |
|---|---|---|
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | ) ) | |
| Colleton County Detention Center, Cpl. Grant, Ofc. Cook, Ofc. Roberts, Deputy Lance, and Charles Feaser[1], | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants [Doc. 30] and a motion for summary judgment filed by Plaintiff [Doc. 40]. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, brings this action against Colleton County Detention Center ("CCDC"), Cpl. Grant ("Grant"), Ofc. Cook ("Cook"), Ofc. Roberts ("Roberts"), Deputy Lance ("Lance"), and Charles Feaser ("Feaser"; collectively, "Defendants"). [Doc. 1.] On March 26, 2012, the undersigned recommended that the claims against all Defendants except Feaser be dismissed because CCDC is a group of buildings and not a person for purposes of § 1983, and the Complaint failed to allege any personal involvement of the other individual Defendants. [Doc. 15.] Plaintiff filed objections to the

---

[1] As noted in the previous Report and Recommendation, Plaintiff identified "Capt. Frasier" as a defendant in his Complaint; however, in response to an Order directing him to provide service documents for Capt. Fraiser, Plaintiff submitted service documents completed with the name "Charles Feaser." These service documents are construed as providing the correct full name of this Defendant, Charles Feaser, formerly incorrectly identified as Capt. Frasier.

Report and Recommendation on April 17, 2012, purporting to provide details about the involvement of the other individual Defendants. [Doc. 28.] Instead of filing objections to the Report and Recommendation, on May 3, 2012, Defendants filed a motion to dismiss.[2] [Doc. 30.]

On May 30, 2012, the Honorable Joseph F. Anderson, Jr. returned this action to the undersigned for consideration of Defendants' motion to dismiss because the motion to dismiss addressed the substantive issue of whether the Complaint states an actionable claim under § 1983 and a decision on that issue could potentially moot the need for the district judge to review the initial Report and Recommendation. [Doc. 34.] Plaintiff filed a response in opposition to Defendants' motion to dismiss on June 8, 2012 [Doc. 37] and also filed a motion for summary judgment [Doc. 40]. On June 25, 2012, Defendants filed a response in opposition to Plaintiff's motion for summary judgment. [Doc. 42.] The motions are ripe for review.

## **BACKGROUND**

Plaintiff, who is an inmate at the Lee Correctional Institution ("Lee"), generally raises allegations concerning an injury he sustained while a pretrial detainee at CCDC. [Doc. 1.] Specifically, Plaintiff alleges he "made request after request . . . about the shower leaking out of the stall onto the block." [*Id.* at 3.] Plaintiff contends his left leg slipped out from under him in a puddle of water as he stepped out of the shower stall, causing Plaintiff to fall hard on his left hand, hit the left side of his head on the wall, and mess up his right toe.

---

[2]By Order filed May 4, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 31.]

[*Id.*] Plaintiff alleges he then returned to his room where his hand began to hurt "more and more," so he left his room to walk around. [*Id.*] Plaintiff seeks "all medical bills, medical care, and the surgical repair of [his] left hand to be taken care of by the County" and $16 million for pain and suffering. [*Id.* at 4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

3

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v.*

4

*Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If, on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

6

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**[3]

Plaintiff complains about the conditions of his confinement at CCDC, alleging that, although he made "request after request" about the shower leaking, CCDC staff did nothing

---

[3] To the extent Plaintiff brings this suit against Defendants in their official capacities under § 1983, Defendants are entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claims for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* As a result, to the extent Plaintiff has alleged claims for monetary damages against Defendants in their official capacities under § 1983, those claims must be dismissed because Defendants in their official capacities are entitled to immunity pursuant to the Eleventh Amendment.

7

to correct the issue and Plaintiff slipped and fell in a puddle of water while getting out of the shower. [Doc. 1 at 3.] Defendants contend Plaintiff has failed to articulate a constitutional violation regarding hazardous jail conditions. [Doc.30-1 at 2–4.] The Court agrees Plaintiff has failed to establish a violation of his constitutional rights with respect to the conditions of his confinement.

Because at all relevant times Plaintiff was a pretrial detainee, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).[4] Unlike convicted inmates, pretrial detainees have not been adjudicated guilty of a crime and may not be subjected to any form of "punishment." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous

---

[4] In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner . . . ." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Under the Eighth Amendment, protection against cruel and unusual punishment includes protection against inhumane conditions of imprisonment. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To determine whether prison officials have violated a prisoner's Eighth Amendment rights, a court must analyze "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.*; *see also Wilson v. Seiter*, 501 U.S. 294, 298 (discussing Supreme Court decisions in Eighth Amendment cases and noting Eighth Amendment claims consist of objective and subjective components). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).

Here, Plaintiff has failed to show Defendants were deliberately indifferent to the conditions he alleges. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk). The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Courts have routinely held that slip and fall cases do not implicate the Constitution. *See, e.g., Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (holding a prisoner's assertion that prison officials failed to warn him of a wet floor stated a claim of mere negligence and not a constitutional violation); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (holding slippery conditions arising from standing water in a prison shower was not a condition posing a substantial risk of serious harm, even where the inmate was on crutches and had warned prison employees that he was at a heightened risk of falling); *Beasley v. Anderson*, 67 F. App'x 242 (5th Cir. 2003) (holding a prisoner's claim that he slipped and fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.

1996) (holding "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *LaMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (quotations and citations omitted)). Instead, slip and fall cases articulate state law tort claims at best.[5] Plaintiff's claims in the present case fail the first prong of the analysis because a slippery floor does not constitute a denial of necessities to meet the first objective prong of a conditions of confinement claim. A slippery floor also does not amount to punishment in the constitutional sense. Accordingly, Plaintiff's conditions of confinement claim fails.[6]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss be GRANTED and Plaintiff's motion for summary judgment be DENIED.[7]

---

[5] Moreover, in his response in opposition to Defendants' motion to dismiss, Plaintiff maintains Defendants were negligent, which articulates a state law tort claim. [*See* Doc. 37.]

[6] The Court notes that, in his objections to the previous Report and Recommendation and in his motion for summary judgment, Plaintiff includes allegations and/or arguments related to a claim of deliberate indifference to medical needs. [Docs. 28 at 4–5 (indicating Feaser denied Plaintiff "prescribed and necessary medical attention"); 40 at 4–7 (including arguments related to deliberate indifference to medical needs).] However, the Complaint, which frames the issues in this case and is the subject of the pending motions, contains no allegations related to medical treatment or Plaintiff seeking medical treatment. [Doc. 1.]
     Additionally, to the extent Plaintiff alleges a state law claim of negligence, such a state law claim could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." To the extent Plaintiff bases his claim on state law, the Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

[7] Even if Plaintiff's claims could survive Defendants' motion to dismiss, the Court recommends Plaintiff's motion for summary judgment be denied as premature. Defendants have not filed an Answer in this case. Accordingly, a motion for summary judgment is premature at this procedural posture. *See Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after 'adequate time for discovery.'" (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))).

10

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 6, 2012
Greenville, South Carolina